**SOUTHERN NATURAL GAS COMPANY,** Consolidated Gas Supply Corporation, Laclede Gas Company, and Texas Eastern Transmission Corporation, Petitioners,

v.

**FEDERAL POWER COMMISSION,** Respondent.

Nos. 76-3914, 76-3971, 76-3990 and 76-3991.

United States Court of Appeals, Fifth Circuit.

Nov. 13, 1976.

Allan A. Tuttle, Sol., Drexel D. Journey, Gen. Counsel, John J. Lahey, F. P. C., Washington, D. C., for the F. P. C.

Roy R. Robertson, Jr., Ronald L. Kuehn Jr., Birmingham, Ala., for Southern Natural Gas Co.

John E. Holtzinger, Jr., Karol Lyn Newman, Washington, D. C., Henry P. Sullivan, Richard B. Gordon, Pittsburgh, Pa., Norman A. Flaningam, Washington, D. C., James E. Wright, Jr., New Orleans, La., for Consolidated Gas Supply Corp.

J. David Mann, Jr., Washington, D. C., Richard L. Eckhart, St. Louis, Mo., for Laclede Gas Co.

Platt W. Davis, III, Thomas L. Wylie, Washington, D. C., J. Evans Attwell, Jack D. Head, Houston, Tex., for Texas Eastern Transmission Co.

Andrew P. Carter, New Orleans, La., for Louisiana Power & Light Co.

Christopher T. Boland, Washington, D. C., for Texas Gas Transmission Corp.

Edward J. Grenier, Jr., Washington, D. C., for General Motors Corp.

John T. Miller, Jr., Washington, D. C., for Allied Paper Inc., Monsanto Co., Texasgulf Inc.

William T. Miller, Washington, D. C., for United Municipal Distributors.

Michael J. Manning, Washington, D. C., for Entex, Inc. & La. Gas Service Co.

David B. Robinson, Washington, D. C., for State of La.

Jerome Ackerman, Washington, D. C., for Air Products & Chemical, Inc., et al.

William W. Bedwell, Washington, D. C., for Miss. River Transmission.

John S. Schmid, Washington, D. C., for Bay State Gas Co., et al.

Richard A. Solomon, Washington, D. C., for Public Service Comm. of the State of N. Y.

Stephen J. Small, Charleston, W. Va., for Columbia Gas Transmission Corp.

Barbara M. Gunther, Brooklyn, N. Y., for Brooklyn Union Gas Co. & Elizabethtown Gas Co.

James R. Lacey, Newark, N. J., for Public Service Elec. & Gas Co.

Dennis J. Roberts, II, Providence, R. I., for New England State.

Howard E. Wahrenbrock, Washington, D. C., for Mobile Gas Service Corp., et al.

Francis J. McShalley, Washington, D. C., for Algonquin Gas Transmission Corp.

W. DeVier Pierson, Washington, D. C., for United Gas Pipe Line Co.

Clayton L. Orn, Houston, Tex., for New Orleans Public Service, Inc.

Before CLARK, RONEY and TJOFLAT, Circuit Judges.

BY THE COURT:

The petition of Southern Natural Gas Company in cause number 76–3914 seeks review of Federal Power Commission orders dated May 28 and September 14, 1976 relating to the implementation of a curtailment plan for the equitable distribution of an inadequate supply of natural gas on the United Gas Pipe Line Co. system. The Court *sua sponte* issued an order to the Federal Power Commission and United Gas Pipe Line Company on October 29, 1976, requiring them to show cause on November 5, 1976, why the Court should not enforce its mandate issued February 5, 1976, in *Louisiana Power and Light Co. v. F. P. C.*, 526 F.2d 898. That show cause hearing having been duly held, the Court enters the following findings and conclusions:

FINDINGS

1. In Order No. 431, 45 FPC 570 (1971), the Federal Power Commission (Commission) directed natural gas companies subject to its jurisdiction which expected to curtail deliveries to either file a curtailment plan with the Commission, or state that their existing curtailment plans were adequate. United Gas Pipe Line Company (United) filed a proposed five category curtailment plan on May 17, 1971.

2. On October 5, 1971, the Commission issued Opinion No. 606, 46 FPC 786. That opinion rejected Category V of United's five-priority plan which consisted of customers who were paying a comparatively low rate for their gas. Additionally, the Commission ordered United to file new tariff sheets containing a four-priority plan to be used on an interim basis pending hearing on its merits as a permanent plan. The four-priority plan filed by United contained the following four categories:

I. Gas ultimately used by domestic customers;

II. Gas used by direct industrial customers for feedstock purposes;

III. Gas used to generate electricity which is consumed by domestic customers; and

IV. Gas used for all other industrial purposes.

The Commission accepted the revised tariff sheets but deferred any ruling upon the justness and reasonableness of the four-priority plan. That plan remained in effect from November 14, 1971, until the issuance of Opinion No. 647, 49 FPC 179 (1973).

3. In Opinion No. 647, issued January 12, 1973, the Commission, *inter alia*, determined that United's past curtailment practices, including the four-priority plan, were just and reasonable during the periods that they had been in effect (49 FPC at 195). However, for future curtailment United was ordered to immediately consolidate priorities III and IV of the interim four-priority plan pending the implementation of a new permanent plan.

4. On November 8, 1974, this Court issued its decision in *Louisiana, et al. v. F. P. C.*, 503 F.2d 844, *vacating and remanding* Opinion Nos. 647 and 647–A.

5. On March 7, 1975, the Commission issued an order on remand from *State of Louisiana, supra*, in which it determined that the four-priority plan was just, reasonable and non-discriminatory prior to Opinion No. 647, but that "it would have been unjust and unreasonable and unduly discriminatory, within the meaning of Sections 4 and 5 of the [Natural Gas] Act, to continue the boiler fuel preference for domestic electric generation beyond the date of Opinion No. 647." The Commission ordered United to "continue curtailment under the three category interim plan in the manner prescribed by Opinion Nos. 647 and 647–A, until further order of the Commission."

6. On October 31, 1975, the Commission issued an order approving a one year settlement between the parties in the United docket.

7. On February 5, 1976, in *Louisiana Power & Light Co. v. F. P. C.*, 526 F.2d 898, the Court found that while the Commission's findings on the alternate fuel capability of boiler fuel users were supported by substantial record evidence, its findings on the irreparable harm to United's direct market industrial customers which would result from the implementation of the four-priority plan were not supported by record evidence. This Court stated:

> [T]his is the last year during which the three-priority plan will remain in operation without the support of a proper finding on the invalidity of the four-priority plan. Absent proper compliance by the Commission with our decision on remand, the four-priority plan will control curtailment on the United system for the 1976–77 winter heating season, 526 F.2d at 911.

8. On April 1, 1976, United, acting in accordance with the Commission approved settlement of October 31, 1975 filed revised tariff sheets containing a proposed permanent curtailment plan.

9. On May 28, 1976, the Commission accepted United's April 1, 1976 filing as of June 1, 1976, but suspended the tariff for the maximum five-month period so as to cause such tariff to become effective November 1, 1976, the date of the beginning of the 1976–77 winter heating season.

10. On September 14, 1976, the Commission denied rehearing of its May 25, 1976 order.

11. On October 28, 1976, United moved to make its filing effective.

12. Curtailment under United's tariff filing is inconsistent with the provisions of the four-priority plan.

13. Since the remand of *Louisiana Power & Light Co, supra*, the Commission has not made "a proper finding on the invalidity of the four-priority plan."

14. Neither the Commission, United, nor any party affected by this Court's mandate of February 5, 1976 or by United's tariff filing, has advised this Court of the direct conflict between the mandate and United's tariff created by the Commission's inactions or sought modification of, or relief from, the Court's mandate prior to the commencement of the 1976–77 winter heating season.

## CONCLUSIONS

1. This Court has jurisdiction to make this order under its inherent power to enforce the mandate in *Louisiana Power & Light Co. v. F. P. C.*, 526 F.2d 898 (1976).

2. That mandate is clear and unambiguous. In the absence of a proper commission finding on the invalidity of the four-priority plan, the four-priority plan controls curtailment on United's system for the 1976–77 winter heating season.

3. The Court in *Louisiana Power & Light Co. v. F. P. C., supra*, determined that the Commission had sufficient evidence on the alternate fuel capability of electric utilities to justify the subordination of boiler fuel, as an inferior use in United's curtailment plan.

4. Neither the Court nor the Commission has an adequate record basis to adjudicate the priority entitlement, if any, of the

approximately 1800 direct market industrial customers served by United.

5. The four-priority plan which under the automatic action of this Court's mandate has controlled curtailment on United's system since November 1, 1976, shall be modified as set out in paragraphs 6–10 below.

6. Implementation of the four-priority plan shall be based on the factors and methods applied during the period from 1971 to 1973 when such plan was originally implemented. Provided however, such implementation shall be adjusted to the end-use data developed in Phase II of the Commission's proceeding as summarized in Exhibit No. 495 in that proceeding and supporting work papers.

7. United is directed to curtail any additional quantities of gas which its electric utility customers would otherwise receive as a result of the priority for electric utilities contained in the four-category program. In view of the lack of data necessary to resolve allegations that many of United's direct market industrial customers lack alternate fuel capability and would be irreparably injured by unmodified implementation of the four-category plan, United shall implement that plan in such a manner as to ensure continued service to any such customer which United finds to lack alternate fuel capability.

8. When service is granted by United under conclusion 7, United shall promptly submit its justification to the Commission. Such justification shall include: (1) demonstration of the lack of alternate fuel capability (on the basis of the customer's Alternate Fuel Capability Data Request Response); (2) presentation of the customer's affidavit that it has exhausted all available sources of natural gas and propane; (3) such other relevant information as United shall deem appropriate for the granting of the requested relief.

9. Any party to Commission Docket No. RP 71–29, et al., or the Commission staff, may challenge any delivery of gas to a direct market industrial customer of United. United shall respond to such challenge and have the burden to justify the additional service. The Commission shall adjudicate such challenge with all possible dispatch.

10. Nothing herein shall be construed to prevent the normal operation of the Commission's extraordinary relief procedures.

11. The Court retains jurisdiction in this show cause proceeding and reserves for decision the questions (a) whether United's April 1, 1976 tariff filing was made pursuant to Section 4 of the Natural Gas Act and superceded the prior mandate of this Court, or alternatively, whether the implementation of United's tariff filing was an exercise of the Commission's authority under Section 5(a) of the Natural Gas Act and renders such filing subservient to the prior mandate of this Court, and (b) whether United's April 1, 1976 tariff filing was invalid as a matter of law and should have been summarily rejected by the Commission.

12. The modified four-category program shall, subject to subsequent order of this Court on reserved issues, govern curtailments on United's system unless and until the Commission makes findings consistent with Section 5(a) of the Natural Gas Act and the prior mandate of this Court on whether the four-category plan is unjust and unreasonable.

13. The Commission shall proceed as promptly as possible to make the proper findings regarding the four-priority plan required of it by the prior mandate of this Court. In making those findings, the Commission is directed to adopt every expedited procedure consistent with due process. Because the modified application of the four-priority plan directed herein is being effectuated in the context of mandate enforcement rather than a determination of present merit, the Commission should reconsider its prior action in reserving the determination of the validity of the four-priority plan pending its resolution of a permanent curtailment plan for United's system. The direction for such reconsideration is not intended to indicate any decision

on that issue by this Court. The imposition of the four-priority curtailment plan, as modified, shall not be considered by the Commission to be a determination by this Court on the merits of such plan's validity.